NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDEL DE LA O-HERNANDEZ, | No. 23-3239 |
| Petitioner, | |
| v. | Agency No. A200-603-103 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025**
Phoenix, Arizona

Before: HAWKINS, WALLACH,*** and R. NELSON, Circuit Judges.

Fidel De La O-Hernandez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") that denied his

timely motion to reopen and terminate proceedings (the "Motion") to apply for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the
U.S. Court of Appeals for the Federal Circuit, sitting by designation.

adjustment of status under 8 U.S.C. § 1255(a).[1]  We review the BIA's decision to deny a motion to reopen for abuse of discretion, *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023), and we "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law," *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citation omitted).  We review "the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence."  *Reyes-Corado*, 76 F.4th at 1260 (citing *Najmabadi*, 597 F.3d at 986).  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition for review.

      1.     The BIA did not abuse its discretion when it denied the Motion because De La O-Hernandez failed to present supporting new, previously unavailable evidence.  Among other requirements, a motion to reopen "shall state the *new facts* that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1) (emphasis added); *see also* 8 U.S.C. § 1229a(c)(7)(B) (noting the same).  The Immigration Judge ("IJ") previously granted the government's Motion to Pretermit because De La O-Hernandez failed to meet his burden under Section 240A(b)(1) of the Immigration and Nationality Act (INA) to establish eligibility for relief.  *See* 8 U.S.C. 1229b(b)(1).  The IJ also found that De La-O

---

[1]    Because the parties are familiar with the facts, we do not recount them here.

2

Hernandez was "statutorily ineligible for such relief pursuant to the domestic violence criminal offense bar identified in INA § 240A(b)(l)(C) and, correspondingly, INA § 237(a)(2)(E)(i)." The BIA affirmed the IJ's conclusions because De La O-Hernandez's "conviction under Arizona Revised Statutes § 13-1203(A)(2) is a crime of domestic violence, which renders him statutorily ineligible for cancellation of removal . . . ."

De La O-Hernandez insists that he presented new material evidence. Namely, he points to his Application for Provisional Unlawful Presence Waiver (Form I-601A) with the U.S. Citizenship and Immigration Services ("USCIS") in 2021, filed *after* the IJ issued a decision in 2020. This is insufficient for a motion to reopen.

De La O-Hernandez failed to apply for the Form I-601A for eighteen months after his Petition for Alien Relative (Form I-130) was approved in 2019. Meaning, he could have acquired this evidence before his hearing. Thus, the Form I-601A is "evidence that could have been obtained at that time and that could have been presented" before the IJ in 2020. *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007). Moreover, De La O-Hernandez fails to explain "why he could not have secured" his Form I-601A by applying "between the time he was [approved] and the time he first" presented his evidence to the IJ. *Id.*

Substantial evidence therefore supports the BIA's conclusion that De La O-Hernandez had "not presented new facts that were previously unavailable considering his marriage occurred in 2007" and his Form I-130 "was filed and approved in 2019," before the IJ and BIA issued their "decisions in this matter in 2020 and 2023, respectively." Accordingly, the BIA did not abuse its discretion by denying the Motion after considering De La O-Hernandez's assertion that he filed a Form I-601A "so he [could] apply for consular processing," as well as his proffered evidence, including the "Form I-130 approval notice, filing receipt for Form I-601A, evidence of fingerprints taken with USCIS, birth certificate, and marriage certificate . . . ."

2. The BIA did not depart from *Matter of Coronado Acevedo*, 28 I & N Dec. 648 (A.G. 2022). The BIA concluded that De La O-Hernandez's reliance on *Matter of Coronado Acevedo* was "misplaced because that case did not involve a motion to reopen, as in this case." De La O-Hernandez appears to argue that the BIA *must* terminate his removal proceedings because he correctly sought termination after filing his Form I-601A, "which requires removal proceedings to be terminated before it may be granted by USCIS."

That argument fails. Under *Matter of Coronado Acevedo* the IJ and BIA "*may* consider and, where *appropriate*, grant termination or dismissal of removal proceedings in *certain* types of *limited circumstances*, such as . . . where

4

termination is necessary for the respondent to be eligible to seek immigration relief before" USCIS. 28 I. & N. Dec. at 648 (emphases added). This is a grant of discretion couched in permissive language. *See INS v. Doherty*, 502 U.S. 314, 322 (1992) ("The regulation with which we deal here . . . is couched solely in negative terms; it requires that under certain circumstances a motion to reopen be denied, but does not specify the conditions under which it shall be granted."). In other words, *Matter of Coronado Acevedo* expressly allows the IJ and BIA to use their discretion to terminate proceedings under certain circumstances. And Petitioner does not point to anything to suggest the BIA abused its discretion here.

We have considered De La O-Hernandez's remaining arguments and find them unpersuasive. For the above reasons, we deny the petition for review.

**PETITION DENIED.**